

<div style="display:flex;justify-content:space-between">

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JESSE N. ZILINSKI**
*Assistant Corporation Counsel*
phone: (212) 356-2381
fax: (212) 356-3509
jzilinsk@law.nyc.gov

</div>

June 7, 2023

**BY ECF**
The Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Anthony Bernard Duckett v. P.O. Daniel Demarco</u>,
       23 Civ. 228 (VEC) (SDA)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of York, and the attorney assigned to represent interested party City of New York in the above-referenced matter. For the reasons set forth below, although this office does not currently represent Defendant P.O. Daniel Demarco, the Office respectfully writes to request this matter be stayed pending the outcome of Plaintiff's parallel state court criminal proceeding. In the event the Court does not grant a stay, the Office would alternatively request a *sua sponte nunc pro tunc* extension of time for P.O. Demarco to respond to the Complaint until July 7, 2023.

  This is the first such request for a stay or *sua sponte nunc pro tunc* extension of time. Due to Plaintiff's incarceration and the urgency with which this request is made, the Office was unable to obtain Plaintiff's position on this matter.

  By way of background, Plaintiff filed the Complaint on January 10, 2023, alleging that on April 1, 2022, he was subjected to excessive force during a false arrest and unlawful search. (<u>See</u> ECF No. 2).

  On February 9, 2023, a summons was issued for P.O. Demarco. (<u>See</u> ECF No. 9).

  On May 12, 2023, P.O. Demarco was served. (<u>See</u> ECF No. 14). As a result, the deadline for P.O. Demarco's answer was May 31, 2023. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i).

1

Today, on June 7, 2023, the undersigned was assigned to defend the above-referenced case.

At this time, the Office requests a stay of this matter, as Plaintiff is currently being prosecuted on the charges that resulted from his arrest on April 1, 2022, which are the subject of this suit. A review of the New York State Unified Court System's database (hereinafter "WebCrims") shows that Plaintiff's underlying criminal prosecution from the April 1, 2022, arrest is pending. (See WebCrims Case Details, attached hereto as "Exhibit A.") WebCrims further indicates that Plaintiff's next appearance for his criminal case is June 15, 2023 at the Bronx Supreme Court, Criminal Term, Part 24. (See id.)

Federal courts have inherent power and discretionary authority to stay a case as the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12, n.27 (1970). To avoid interference with criminal prosecutions, the court may exercise this discretion when both the civil and criminal proceedings arise out of the same underlying transaction or occurrence. See City of New York v. Gutlove & Shirvint, Inc., No. 08-CV-1372 (CBA) (JMA), 2008 U.S. Dist. LEXIS 91016, *4 (E.D.N.Y. Nov. 10, 2008).[1] "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see also Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding the district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant). In determining whether a stay of a civil proceeding is appropriate, courts consider several factors, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. See Harris v. Nassau Cnty., No. 13-CV-4728 (NGG) (RML), 2014 U.S. Dist. LEXIS 94554, at *8 (E.D.N.Y. July 8, 2018). As noted below, the balance of factors clearly demonstrates good cause to stay this action pending the outcome of the criminal proceeding.

Under the first factor, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). Here, the April 1, 2022 incident and the facts of Plaintiff's arrest are the subject of Plaintiff's pending criminal matter and the circumstances surrounding Plaintiff's civil claims. As to the second factor, status of the case, Webcrims confirms that Plaintiff is currently being criminally prosecuted for the same April 1, 2022, arrest he is alleging led to his injuries that form the basis of this civil matter. (See Exhibit A). Plaintiff's next appearance for his criminal case is June 15, 2023. (See Id.).

Moreover, under the third factor, a stay of Plaintiff's civil suit advances the interests of the public and Plaintiff by enabling the state court criminal prosecution to proceed unprejudiced by a federal civil rights action arising from the same subject matter. See Johnson v. N.Y.C. Police Dep't, No. 01-CV-6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *4-5 (S.D.N.Y. July

---

[1] Pursuant to Local Civil Rule 7.2, this Office will provide Plaintiff with copies of all decisions cited herein which are unreported or reported exclusively on computerized databases.

16, 2003) (staying a Section 1983 action "because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case."). Indeed, Plaintiff's ability to fully participate in discovery centered around the minute details of Plaintiff's arrest would be severely impacted by an ongoing criminal prosecution of that same arrest. Under the fourth factor, P.O. Demarco is not burdened by a stay and, instead, would be prejudiced if the case was not stayed because the criminal case directly affects the viability of Plaintiff's claims. For example, Plaintiff's underlying criminal case directly affects his civil false arrest claim because, if Plaintiff is convicted, Plaintiff's false arrest claim would fail.

Under the fifth factor, a stay also promotes efficiency and conserves judicial resources. The resolution of factual and legal issues in the criminal matter are necessary in order for the parties and the Court to resolve the claims and defenses in this civil matter. See Marria v. Turitto, 94 CV 3150, 1995 U.S. Dist. LEXIS 22218, at *2 (E.D.N.Y. Apr. 11, 1995) (where the Court concluded that in considering a stay in a Section 1983 case, the potential for prejudice to "both to the prosecution and to plaintiff's ability to defend against the criminal charges outweighs any prejudice caused by what is likely to be a brief stay of the civil action."); see e.g. Philogene-Bey v. City of N.Y., No. 17-CV-1486 (ENV), 2017 U.S. Dist. LEXIS 228077, at *8-9 (E.D.N.Y. Dec. 27, 2017) ("'the availability of transcripts from the criminal action may obviate the need for full civil discovery' and thus avoid wasteful duplication of resources regarding plaintiff's excessive force claims" [internal citations omitted]).

There are no countervailing factors disfavoring a stay in the instant matter. In fact, Plaintiff would likely benefit from a stay. See Trs. Of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, 886 F. Supp. 1134, 1139 (S.D.N.Y. May 25, 1995) (finding that a stay "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal action can later be used in the civil action"). Ultimately, "the public's interest is best served by 'preserving the integrity of the criminal case.'" Harris, 2014 U.S. Dist. LEXIS at *13 (quoting Crawford & Sons, 298 F. Supp. 2d at 319)); see also Brock v. Tolklow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it."). Thus, the factors weigh in favor of staying this case.

In an abundance of caution that the Court denies the request for a stay, the Office respectfully requests a *sua sponte nunc pro tunc* extension of time for P.O. Demarco to answer until July 7, 2023, or thirty days after ruling on the request for a stay, whichever is longer. There are several reasons for seeking an extension of time. For example, the Office requires adequate time to investigate the allegations in the governing pleading pursuant to Fed. R. Civ. P. 11. Further, the Office must determine, pursuant to N.Y. Gen. Mun. Law 50-k and based on a review of the case, whether it will undertake representation of P.O. Demarco.

Accordingly, the Office respectfully requests that the Court stay this matter until the conclusion of the Plaintiff's active criminal proceeding stemming from his April 1, 2022 arrest.

Thank you for your consideration herein.

Respectfully submitted,

*Jesse N. Zilinski*

Jesse N. Zilinski
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     **BY FIRST CLASS MAIL**
Anthony Bernard Duckett
B&C: 2412200711
Rikers Island, G.R.V.C.
09-09 Hazen St.
East Elmhurst, NY 11370