```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/03/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Bernard Duckett,

                Plaintiff,

-against-

P.O. Daniel Demarco (Shield # 3893),

                Defendant.

1:23-cv-00228 (JGLC) (SDA)

OPINON AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Defendant P.O. Daniel Demarco ("Defendant") requesting that this case be stayed pending the outcome of the state court criminal proceedings against Plaintiff Anthony Bernard Duckett ("Plaintiff"). (Def.'s 6/7/23 Ltr. Mot., ECF No. 16.) For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

On April 1, 2022, Plaintiff was arrested by Defendant. (Compl., ECF No. 2, at PDF pp. 7-8; Def.'s 6/7/23 Ltr. Mot. at 1.) During the course of the arrest, Defendant's thumb was dislocated. (*See* Compl. at PDF pp. 9-10.)

On January 10, 2023, the Plaintiff's Complaint in this action was filed alleging a single claim for excessive force. (*See* Compl. at PDF p. 7.) On May 12, 2023, Defendant was served with the Summons and Complaint. (Return of Service, ECF No. 14.)

Defendant's criminal prosecution in Bronx Supreme Court remains pending. (*See* Def.'s 6/7/23 Ltr. Mot. at 2.) The Court takes judicial notice that the New York Unified Court System's database (*i.e.*, WebCrims) reflects that Plaintiff's next court appearance in state court is scheduled for September 7, 2023.

On June 7, 2023, Defendant filed the instant Letter Motion requesting that this case be stayed pending the outcome of Plaintiff's state court criminal proceedings or, in the alternative, requesting a *sua sponte nunc pro tunc* extension of time for Defendant to respond to the Complaint. (Def.'s 6/7/23 Ltr. Mot. at 1.) On June 8, 2023, the Court granted Defendant's request for an extension *sine die*, stating that the Court would set a deadline for Defendant to respond to the Complaint, as appropriate, following the Court's decision on the motion to stay. (6/8/23 Order, ECF No. 17, at 1.) The Court's June 8, 2023 Order set a deadline for Plaintiff to file any response to the motion to stay. (*Id*.) To date, no opposition has been filed.

## LEGAL STANDARDS

The party "seeking a stay bears the burden of establishing its need." *Louis Vuitton Malletier S.A v. LY USA Inc*., 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Transatlantic Reinsurance Co. v. Salatore Ditrapani, Int'l*, No. 90-CV-03884 (JMC), 1991 WL 12135, at *2 (S.D.N.Y. Jan. 28, 1991) (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc*., 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980)).

"It is well-settled that a district court has discretionary power to stay proceedings pursuant to its inherent power to control its docket." *City of New York v. Gutlove & Shirvint, Inc*., No. 08-CV-01372 (CBA) (JMA), 2008 WL 4862697, at *1 (E.D.N.Y. Nov. 10, 2008). But such relief is not constitutionally required. *See Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994) ("nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter.").

Courts in this Circuit have utilized a six-factor balancing test in determining whether to grant a stay of a civil proceeding pending the outcome of a parallel criminal action, examining:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

## ANALYSIS

Applying the relevant factors, the Court finds, in its discretion, that Defendant has not met his burden of establishing a need for a stay. There is no significant overlap between the issues in the criminal case and the issues in this case. Regardless of whether or not Plaintiff was lawfully arrested and/or whether he engaged in criminal conduct, Plaintiff's claim is that Defendant used excessive force during the course of the arrest. Thus, the status of the criminal case is of no moment. Plaintiff has an interest in having his case prosecuted expeditiously, and there is no added burden on Defendant by having this case proceed now. The Court has an interest in managing its own docket and having this case proceed, and the public interest also is served thereby.

## CONCLUSION

By reason of the foregoing, Defendant's motion for a stay is DENIED. It is hereby ORDERED that Defendant shall respond to the Complaint no later than August 25, 2023.

**SO ORDERED.**

Dated:       New York, New York
                August 3, 2023

                                                    _____
                                                      STEWART D. AARON
                                                      United States Magistrate Judge